UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL ANTHONY HUNTER,
Plaintiff-Appellant,

v.

MICHAEL MOORE, Director;
GERALDINE MIRO, Warden;

No. 97-7032

MCKITHER V. BODISON, Unit
Manager; BETSY E. ALBRITTON,
Captain; JOHN PATE, SMHU
Manager,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CA-97-1345-6-13AK)

Submitted: October 20, 1998

Decided: November 16, 1998

Before WILLIAMS, Circuit Judge, and HALL and
PHILLIPS, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Anthony Hunter, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals the district court's order accepting the magistrate judge's recommendation and denying relief on his 42 U.S.C. § 1983 (1994) complaint. Finding no reversible error, we affirm.

Michael Hunter, a South Carolina inmate, filed this action under § 1983 alleging that the inmate grooming policy of the South Carolina Department of Corrections (SCDC) is a violation of the Free Exercise Clause of the Constitution and is racially discriminatory. Hunter asserts that his Rastafarian beliefs forbid him from complying with the challenged policy's mandatory grooming practices.

Defendant Moore, the Director of the SCDC, implemented the policy which requires male inmates to have a short hair cut and no beard. Moore developed the policy because of growing concerns that long hair and beards on inmates threatened prison security, order, and discipline by facilitating gang identification, providing a place to hide contraband, and allowing inmates to change their appearance quickly. Inmates who refuse to follow the grooming policy are placed in administrative segregation, but they are not forcibly groomed or shaved.

The district court concluded that the grooming policy was necessary for security reasons. The court further held that because the policy does not require Hunter to cut his hair or shave, his free exercise rights have not been violated. The district court dismissed his claim. Hunter timely appealed.

We have recently held that the SCDC grooming policy does not violate the Free Exercise Clause as applied to Rastafarians. Hines v. South Carolina Dep't of Corrections, 148 F.3d 353, 358-59 (4th Cir. 1998). See also Employment Division, Dep't of Human Resources v.

2

Smith, 494 U.S. 872, 876-79 (1990); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987). We also find that the policy is not racially discriminatory. Thus, we find that the district court properly dismissed Hunter's § 1983 complaint.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3